UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

FROYLAN ZEPEDA,

        Petitioner,

vs.

ROBERT FARLEY,

        Respondent.

CASE NO. 4:12-CV-1724

OPINION & ORDER
[Resolving Doc. No. 1]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is *pro se* petitioner Froylan Zepeda's petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No.1) Zepeda, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), brings this action against F.C.I. Elkton Warden Robert Farley.[1] He seeks an Order from this Court restoring Good Credit Time (GCT) forfeited as a sanction for violating Bureau of Prisons (BOP) policy. For the reasons set forth below, the Court **DENIES** the petition for writ of habeas corpus.

**I. Background**

Zepeda is not a citizen of the United States. In 2009, he was indicted in the United States

---

[1] Since the date this action was filed, Warden Farley has been replaced at F.C.I. Elkton by Warden J. Coakley.

Case No. 1:12-CV-1724
Gwin, J.

District Court for Western District of Wisconsin and charged with conspiracy to distribute cocaine. *See United States v. Zepeda*, No. 2:09cr0015 (W.D. Wisc. 2009). Pleading guilty to Count One of the indictment, Zepeda was sentenced to serve 132 months in prison. The Bureau of Prisons (BOP) website indicates he is scheduled for release on December 20, 2018. *See* www.bop.gov/iloc2

Because Zepeda is not a citizen of the United States, the Immigration and Customs Enforcement (ICE) agency lodged a detainer against him on March 17, 2010. The detainer identifies Zepeda as a deportable alien. No final order of removal is pending, however.

At some point in 2011, Zepeda withdrew his enrollment in the Literacy Program at F.C.I. Elkton offered pursuant to Program Statement (PS) 5350.28. As a consequence, the BOP reduced the rate at which he earned GCT from 54 days to 42 days per year. Petitioner challenged the BOP's decision by filing a Request for Administrative Remedy. The request and his subsequent appeal to the warden were both denied. The warden explained that because Petitioner was sentenced under the Prisoner Litigation Reform Act (PLRA), the law set the annual GCT rate at 42 days for any inmate who fails to earn or make satisfactory progress toward earning a GED credential. The only inmates exempt from the requirement are inmates subject to a final order of removal, deportation or exclusion.

Petitioner continued to exhaust his administrative remedies. His final appeal to the Regional Director was denied.

In his Petition before the Court, Zepeda maintains that his deportation is required by statute because he is an alien who committed an aggravated felony. He cites section 101(a)(43)(B) of the Immigration and Nationality Act (INA) as proof that his deportation from the United States is

Case No. 1:12-CV-1724
Gwin, J.

mandated after the completion of his prison sentence. For him, the ICE detainer lodged against him is merely a formality. Zepedo asserts it is arbitrary to claim that only a "final order of deportation" can trigger his entitlement to an exemption from the Literacy Program when he is essentially on equal footing to prisoners in that class. As such, he claims he is entitled to the same exemption to which other aliens are entitled under 28 C.F.R. §§544.71(3) and 551.101(1).

## II. Legal Standards

A. 28 U.S.C. §2243

For any federal habeas petitioner, "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Dodge v. Johnson* 471 F.2d 1249, (6th Cir. 1973)(citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)). Therefore, if "it appears from the application that the applicant or person detained is not entitled [to relief] thereto," the petition will be dismissed. *See* 28 U.S.C. §2243.

B. 28 U.S.C. § 2241

The federal habeas statute provides, in relevant part, that: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). The statute only extends its reach to challenges that affect the length or duration of a prisoner's sentence. Thus, any claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893

Case No. 1:12-CV-1724
Gwin, J.

(6th Cir. 1991)).

### III. Analysis

The PLRA established a "mandatory functional literacy" program for "all mentally capable inmates who are not functionally literate."18 U.S.C. § 3624(f)). As an incentive for participation, the BOP provides a reward for those prisoners who satisfactorily participate in the program. Specifically, the BOP has agreed to the following arrangement:

> For inmates serving a sentence for an offense committed on or after April 26, 1996, the Bureau will award
>
> > (1) 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma;

28 C.F.R. § 523.20(c)(1). There is no disagreement that Zepeda has not earned or satisfactorily progressed toward the completion of General Educational Development (GED) or diploma from high school. For prisoners who do not earn or make satisfactory progress toward earning a GED credential or high school diploma, the BOP awards "42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year)." 28 C.F.R. § 523.20(c)(2). Although a failure to complete the required hours may result in disciplinary action against some prisoners, as a sentenced deportable alien, Zepeda is not subject to any sanctions or disciplinary action for withdrawing from the program. Instead, the BOP adjusted the accrual rate at which he earned GCT.

Any "alien who is subject to a final order of removal, deportation, or exclusion is eligible

-4-

Case No. 1:12-CV-1724
Gwin, J.

for, but *is not required to, participate in a literacy program, . . ., to be eligible for a yearly award of good conduct time*." 28 C.F.R. § 523.20(d)(emphasis added). This is class of aliens within which Zepeda argues he should fall because he deportation is unquestionable. The assumptions on which he relies, however, fail to establish that the BOP is improperly executing his sentence.

To determine the inadmissibility or deportability of an alien, the statute mandates "an immigration judge shall conduct proceedings." 8 U.S.C.§ 1229a(a)(1)(emphasis). It is during these proceedings that an alien is entitled to Fifth Amendment protection through a full and fair hearing at his immigration proceeding. *See Vasha v. Gonzales*, 410 F.3d 863, 872 (6th Cir.2005). Even aliens like Zepeda, who are charged with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an "aggravated felony," are entitled to these rights. While the statute allows Zepeda to stipulate to his deportability, pursuant to 8 U.S.C. § 1229a(d), not all sentenced deportable aliens make this choice. Some may choose to challenge deportation, for reasons they feel entitle them to remain in the United States. *See e.g. Klementanovsky v. Gonzales*, 501 F.3d 788, 790 (7th Cir. 2007)(request for relief through INA § 212(h)(1)(B)).

After the prison term of a sentenced deportable alien ends, his or her removal must still be established by immigration authorities under all the protections due process provides. *See* 8 U.S.C. §1229a(c)(3)(burden is on immigration authorities to establish "by clear and convincing evidence that, in the case of an alien who has been admitted to the United States, the alien is deportable.") For aliens against whom a final order of removal has already been issued, however,

-5-

Case No. 1:12-CV-1724
Gwin, J.

removal is without question. Zepeda's status as a *deportable* alien has yet to be subjected to the scrutiny of the Department of Homeland Security. Therefore, there is no basis to upon which the BOP could interchange the status of these aliens.

Without question, prisoners are entitled to earn GCT credits at a rate of 42 days per year. Zepeda has not been denied that right. Moreover, he has failed to demonstrate that the BOP has improperly executed his sentence. Because ICE has not issued a final order of removal against Zepeda, the BOP cannot classify him as a prisoner entitled to exemption under 28 C.F.R. § 523.20(d).

### IV. Conclusion and Order

Based on the foregoing, the Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is GRANTED and the Petition is DENIED pursuant to 28 U.S.C. § 2243 (Doc. No. 1). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: March 6, 2013         *s/    James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE